UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VALARIE L. ZERTUCHE,<br><br>     Plaintiff,<br><br>v.<br><br>GREATER COLLECTION AGENCY BUREAU, LLC,<br><br>     Defendant. | CIVIL ACTION<br><br>COMPLAINT  5:19-cv-01050<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Valarie L. Zertuche ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Greater Collection Agency Bureau, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Plaintiff resides in the Western District of Texas, and a substantial

portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a foreign corporation with its principal place of business located at 1001 Sunset Road, Unit 680574, Charlotte, North Carolina 28216. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to August of 2019, Plaintiff received a correspondence and phone calls from Defendant in effort to collect an allegedly defaulted balance of $898.02.

7. Plaintiff was unaware of the charges, as she did not recall acquiring a loan from "ACE CASH EXPRESS 22" ("alleged debt").

8. Subsequently, Plaintiff contacted Defendant, and spoke with a representative that did not communicate that Defendant is a debt collector and any information obtained will be used for that purpose.[1] Furthermore, Defendant's representative informed Plaintiff that they would proceed with litigation if she did not satisfy the alleged debt immediately.

9. In that call, Plaintiff informed the representative that she would like a validation of the alleged debt as she never received the funds from Defendant or its predecessor for the alleged debt.

---

[1] Pursuant to 15 U.S.C. §1692e(11), a debt collector must, in its initial communication with the consumer state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose

10. Consequently, Defendant sent Plaintiff the letter attached hereto as Exhibit A ("Collection Letter").

11. Upon receiving Defendant's Validation of Debt letter, Plaintiff contacted Ace Cash and was informed by a representative that while Plaintiff had applied for the loan, the funds were never extended to Plaintiff.

12. At present, Plaintiff continues to receive phone calls and collection efforts from Defendant in relation to the alleged debt.

### DAMAGES

13. Defendant's false representations and misleading conduct have severely disrupted Plaintiff's daily life and general well-being.

14. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was lead to believe she owed the alleged debt.

15. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

19. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

20. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

21. Defendant used the telephone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

23. Defendant violated 15 U.S.C. §§1692e,e(2), e(5), e(10), and e(11) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

24. Defendant violated §1692e, e(2), e(5) and e(10) by falsely, misleadingly, and deceptively telling Plaintiff a lawsuit was being filed against her, when in fact no lawsuit was filed or intended to be filed. Defendant falsely threatened Plaintiff with a lawsuit it had no intention of filing solely for the purpose of bullying Plaintiff into making a payment on the alleged debt.

25. Defendant violated §1692e(11) by neglecting to properly communicate the mini-Miranda warning to Plaintiff.

**WHEREFORE**, Plaintiff VALARIE L. ZERTUCHE respectfully requests that this Honorable Court:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

28. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

29. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

  a. **Violations of TDCA § 392.301(a)(8)**

30. TDCA §391.301(a)(8) prohibits debt collectors from threatening to take an action prohibited by law in an attempt to collect a debt.

31. Defendant violated §391.301a(8) when it told Plaintiff that a lawsuit would be filed immediately, as no lawsuit was ever filed. This was an empty, misleading threat that was made with the intention of scaring Plaintiff into making a payment on the alleged debt. Furthermore this is a violation of FDCPA §1692e an e(10).

b. **Violations of TDCA § 392.304a(19)**

32. Defendant violates § 392.305a(19) if it uses any false representation or deceptive means to collect a debt or obtain information about a consumer.

33. By falsely claiming it was going to file a lawsuit against Plaintiff and garnish Plaintiff's wages, in violation of FDCPA §1692e, Defendant used a false representation in an attempt to collect a debt from Plaintiff.

**WHEREFORE**, Plaintiff VALARIE L. ZERTUCHE respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 30, 2019                Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com